## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| JOHN HICKMAN | CIVIL ACTION NO. 22-698-P |
| VERSUS | JUDGE DOUGHTY |
| GLEN EDWARDS | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff John Hickman ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  Plaintiff refers to himself as the devil in the heading of his complaint.  This complaint was received and filed in this court on March 14, 2022.  Plaintiff names Glen Edwards defendant.

Plaintiff has filed an incoherent, rambling complaint and two amended complaints. Plaintiff states there are key differences between civil and criminal cases and includes the differences which he copied from the internet.  He cites Louisiana slip and fall laws and mentions among other things comparative fault, malice, desire to cause injury or distress to another, intent to commit an unlawful act or cause harm without legal justification.

Plaintiff mentions several dates, addresses, and names including Glen Edwards, Chris Edward, Clement Jones, Gregg Moone, the devil, and Dr. SingSong.  Plaintiff

mentions payment for an album.  He also talks about rats and confidential informants and HIV.  He refers to a state court district judge as a homosexual and corruption in the Louisiana Thirty-Ninth Judicial District.  Plaintiff accuses Glen Edwards of being in violation of the mineral laws and calling him a racial slur.

Plaintiff includes several exhibits with his complaint and amended complaints.  In one exhibit he refers to himself as the devil [Doc. 1, p. 8].  Plaintiff also includes his safety crisis plan from Brentwood Hospital [Doc. 1, p. 11].

As relief, he seeks monetary compensation.

For the reasons stated below, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

A complaint may be dismissed as factually frivolous "only if the facts are 'clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional.'" Hicks v. Garner, 69 F.3d 22 (5th Cir.  1995), citing Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992).  A complaint may be dismissed as legally frivolous if the legal basis of the complaint is "indisputedly meritless." Neitzke v. Williams, 109 S.Ct. 1827 (1989).

Under either a factual or legal analysis, it is quite clear that Plaintiff's allegations in the complaint are frivolous.  Each claim is fanciful, fantastic, and delusional and therefore factually and legally frivolous.

## CONCLUSION

Because Plaintiff is a prisoner, this court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint "frivolous" or if it "fails to state a claim upon which relief may be granted".  See 28 U.S.C.

§ 1915A; <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998), <u>cert. denied</u>, 527 U.S. 1041 (1999).  For the reasons heretofore stated, the court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  <u>See</u> <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 28th

day of June, 2022.

Mark L. Hornsby
U.S. Magistrate Judge